IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LENZ MATHANEEL REMARQUE,              )
                                      )
                    Petitioner,       )
                                      )
        v.                            )    Civil Action No. 3:26-cv-1109
                                      )
KURT WOLFORD,                         )
                                      )
                    Respondent.       )

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Lenz Mathaneel Remarque's Petition for Writ of Habeas Corpus.  (Docket No. 3). Petitioner is a native and citizen of Haiti and is currently in ICE custody at the Cambria County Prison.  Petitioner asks for a bond hearing or be put "on home detention" until the Board of Immigration Appeals ("BIA") completes his appeals process. Petitioner has been in ICE custody for a little more than four months and is currently held in Cambria County Prison.  (Docket No. 8-1).

Petitioner was admitted to the United States in 2013 as a lawful permanent resident as an unmarried child of a U.S. citizen.  (Docket No. 1-1).  Petitioner later applied for naturalization as a U.S. citizen, but his application was denied in 2023.  (*Id*.). In 2019, Petitioner was convicted of disorderly conduct.  (*Id.*).  In 2020, Petitioner was convicted of carrying firearms without a license, in violation of 18 Pa. Cons. Stat. § 6106(a)(1).  He was sentenced to three years' probation.  (*Id*.).

In 2022, Petitioner was arrested by ICE and issued a Notice to Appear charging him with removability under 8 U.S.C. § 1227(a)(2)(C), which provides "[a]ny alien who at any time after admission is convicted under any law of . . . carrying . . . a firearm . . .  in violation of any law is deportable."  (Docket No. 1-2).   Petitioner was then released on his own recognizance subject to

certain conditions.  (*Id*.). Then, in November 2024, while a patient at a hospital in Lancaster, PA, for involuntary mental health treatment, Petitioner because "loud and disruptive to other patients and staff" and struck a security officer in the face.  (Docket No. 8-3).  The next day, he "began fighting with another patient" and struck one nurse twice in the head, concussing her, and struck another nurse in the head and spat on her. (Docket No. 8-4).  Based on these incidents, Petitioner was convicted of two counts of aggravated assault in violation of 18 Pa. Cons. Stat. § 2702(a)(2); one count of aggravated assault in violation of 18 Pa. Cons. Stat. § 2702(a)(3); and one count of disorderly conduct, in violation of 18 Pa. Cons. Stat. § 5503(a)(4). (Docket Nos. 8-3; 8-4; 8-5; 8-6).  He was sentenced to time served up to 23 months' imprisonment.  (Docket Nos. 8-3; 8-4).

In December 2024, ICE encountered Petitioner at the Lancaster County Prison where he was serving his sentence and ICE later lodged an immigration detainer. (Docket No. 8-1).  On February 13, 2026, Petitioner was released from prison and taken into ICE custody. (Docket Nos. 8-1; 8-8). Petitioner was charged with an additional ground for removal under 8 U.S.C. § 1227(a)(2)(A)(ii), based on his aggravated-assault convictions.  (Docket No. 8-7). Section 1227(a)(2)(A)(ii) provides that "[a]ny alien who at any time after admission is convicted of two or more crimes involving moral turpitude . . . is deportable.")  So, on March 31, 2026, Petitioner was ordered removed to Haiti by an immigration judge, who denied all forms of immigration relief sought by Petitioner.  (Docket No. 9-10).  Petitioner appealed that order of removal to the BIA, so it is not yet administratively final.  (Docket No. 8-11).

Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).  *See Sylvain v. Attorney General of the United States*, 714 F.3d 150, 154 (3d Cir. 2013) (listing offenses requiring mandatory detention). Additionally, the Laken Riley Act mandates detention for aliens who are inadmissible or removable and who engaged in certain other specified criminal activity. Pub. L.

No. 119-1 § 2, 139 Stat. 3, 3 (2025). Accordingly, 8 U.S.C. § 1226(c) now provides that the Attorney General "*shall* take into custody any alien who…(i) is inadmissible under paragraph 6(A), 6(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). For those specified criminal aliens, Section 1226(c) "expressly prohibits [their] release except on "narrow, witness-protection" or "cooperation" grounds. 8 U.S.C. § 1226(c)(4). Moreover, Section 1226(c) does not limit the length of the detention it authorizes during removal proceedings. *See Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018). Additionally, the Attorney General's discretionary judgment regarding the application of § 1226(c) is not subject to judicial review. 8 U.S.C. § 1226(e). The Supreme Court has held § 1226(c) is not facially unconstitutional. *Demore v. Kim*, 538 U.S. 510, 531 (2003)[1].

---

[1]    Immigrants detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) (stating, "[w]hen detention becomes unreasonable, the Due Process Clause demands a hearing." *Id*. at 210 (cleaned up)). In the Third Circuit, there is a non-exhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *Id*. at 211 (citations omitted). At present, Petitioner has been in ICE custody for approximately five months which is not overly long. Moreover, while detention is likely to continue, this Court notes he was ordered removed by an immigration judge in March 2026 and his appeal to the BIA is pending. At least one court applying the second *German Santos* factor concluded that this factor weighs against a detainee who "is approaching the end of his removal proceedings" because those proceedings "have 'a definite termination point' soon. *Appiah v. Lowe*, No. 24-2222, 2025 WL 510974, at *4 (M.D. Pa. Feb. 14, 2025). The reason for any delay favors Respondents or is neutral since Respondents have not improperly delayed the underlying immigration proceedings without any indicia in the record of a bad-faith reason or otherwise. Fourth, courts in this district have routinely held that those detained at [Moshannon Valley Processing Center] are exclusively alien detainees, but each of those detainees, whether a convicted criminal or otherwise, is subject to a unique set of circumstances in his or her detention. *Reid v. Oddo*, No. 25-237, 2025 WL 3123895, at * 8 (W.D Pa. Nov. 7, 2025) (Haines, J.). Here, Petition has a serious criminal record involving a firearms conviction and violent offense, yet he offers nothing specific regarding why his confinement at Cambria County Prison would be inappropriate given his individual circumstances.

Petitioner's ICE detention at Cambria County Prison is serving the immigration purpose for which 8 U.S.C. § 1226(c) was enacted.  It prevents Petitioner from engaging in further criminal activity that rendered him subject to Section 1226(c).  It also serves to ensure that Petitioner not fail to appear for his removal proceedings as flight is a valid concern here given Petitioner's criminal history. Indeed, due to Petitioner's convictions, he is subject to mandatory detention pursuant to Section 1226(c) and this Court lacks the authority to order a mandatory detainee's release pending conclusion of his immigration proceedings.

AND NOW, this 2nd day of July, 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Docket NO. 3) is DENIED.

The Clerk of Court shall mark this case closed.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record